GARRISON, Judge.
This is an appeal from a March 9, 1983 judgment of the district court, granted in favor of defendant, Scariano Bros., and dismissing the action of plaintiff, P.E. Oden-dahl Co., which action was a suit on open account for an outstanding balance of $8,093.52 for services rendered in the nature of repairs to a Hale Model K58 Forklift owned by defendant. The judgment of March 9 further dismisses the reconven-tional demand of Scariano Bros, against P.E. Odendahl Company for return of $8,000.00 already paid to plaintiff on that account and other damages arising out of the same repair job. From the judgment of March 9, which we affirm, Odendahl appeals. Scariano also answered the appeal, seeking reversal of the trial court’s denial of its reconventional demand.
In October of 1979, plaintiff and defendant entered into a business relationship. In January of 1981 Odendahl received the forklift and repair request from Scariano. The initial estimate of repairs was $3,000-3,500. The trial court found that plaintiff and defendant agreed that the forklift would be tendered in “perfect working order.” The costs of repair gradually accelerated to $16,093.52 by the time the job was completed. Scariano approved those increases throughout the five months during which Odendahl worked on the forklift.
On May 20, 1981, Scariano received the “repaired” forklift. On May 21st, the forklift’s sideshifter was leaking. On May 28th the fact that the forklift would not go forward and was exuding a burning smell gave rise to the discovery that a loose joint *759 on the forward connector coil needed repair and that there was a bad connection on the other side of the forward coil. On June 3rd, two small wheels fell off. On June 9th, the reverse gear would not work. On June 12-13, the forklift had no brakes or sideshift. On June 23rd, the handle to raise and lower the forks came loose. On June 24th, Scariano paid Odendahl $8,000 on the bill for forklift repairs; Odendahl had refused to make any more “warranty” repairs unless Scariano paid something on the bill. On July 14th, the accelerator stuck revealing that there was a part missing on the seat brake and on July 16th there was an electrical fire on the forklift. On July 17th, Scariano wrote to Odendahl describing the problems with the forklift. Odendahl stated that he would do no further work on the forklift until the remaining balance of $8,093.52 was paid in full. Scariano refused to pay the balance. Scari-ano then hired W & W Clarklift on July 16, 1981 to repair the forklift, incurring additional expenses. The forklift was finally sold to Briggs-Weaver for $350.00. Oden-dahl sued for the outstanding balance of $8,093.52; Scariano reconvened seeking damages of $11,890.12 which amount included a refund of $8,000.00 already paid, plus the costs of subsequent repair and rental of a replacement forklift.
Upon our independent review of the record in this matter, it is apparent that neither side proved its case. Odendahl’s bill is somewhat undecipherable as it contains notations such as “Labor — FJF 12/9 from WO to 1200 4 hrs.” without any description of what work was done. In the section dealing with “Parts” the bill contains items such as “1 Lot Bolts, Nuts, Washers 29.70” without a date or other identifying information. The bill does not reveal what work was actually done and which parts were repaired without replacement. There is an itemized list of replacement parts, however.
Defendant Scariano called into question the nature of the work performed, alleging that it was defective and unsatisfactory. To that end, Scariano produced the testimony of Mr. Hart showing that among other things, one piece was installed backwards. In refutation to this and all other allegations, plaintiff argued, “Yes, but you didn’t prove that we worked or replaced that particular part.” Defendant did not have access to the identity of the particular workman who worked on each phase of repair. Likewise, plaintiff, once the defectiveness was placed at issue, did not produce the workmen who had done the work in order to testify as to the quality of the work performed or that the work was in fact performed. This statement is not an attempt to reallocate the burden of proof, but is only illustrative of the fact that defendant went as far as he could in producing available testimony and that access to the critical testimony needed was solely within the control of plaintiff.
There is one argument on the point that the corrosive nature of defendant’s premises could cause a total breakdown of the forklift within a period of two months. This contention, however, fails to deal with the fact that the first breakdown occurred the day after the forklift was delivered.
Likewise, there is some argument that the relationship between plaintiff and defendant was an open account. It was not. Odendahl’s bill clearly states “Terms — Net 30 days”. There is no running of interest provided for, no “minimum balance due” and most importantly, no application or other contract creating a credit relationship between the parties. While the parties have had a long business relationship, it is apparent from defendant’s books that each transaction stood alone.
It is apparent that neither side carried its burden of proof. Accordingly, the trial judge properly dismissed both actions, thus the judgment of the district court is affirmed.
AFFIRMED.